UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR ANELIO VERA ANDRADE,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>ANDREW OLIVERI, Acting Assistant Field Office Director at Buffalo (Batavia) Federal Processing Center;<br>GEORGE HARVEY, Assistant Field Office Director at Buffalo (Batavia) Federal Processing Center;<br>TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement;<br>SIRCE OWEN, Acting Director, Executive Office For Immigration Review;<br>PAMELA BONDI, U.S. Attorney General;<br>and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents-Defendants. | Case No. ___25-1277_____ |

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC §2241**

**INTRODUCTION**

1. This petition for a writ of habeas corpus is being filed on behalf of Mr. Victor Anelio Vera Andrade (hereinafter "Mr. Vera Andrade" or "Petitioner") seeking relief to remedy his unlawful detention. Mr. Vera Andrade is currently detained at the Buffalo Federal

Processing Center, located in Batavia, New York. Mr. Vera Andrade is a citizen and national of Ecuador. He has lived in the United States since 2021. On or about September 19, 2025, Mr. Vera Andrade was detained by ICE after a criminal arrest.

2. Currently, the U.S. Department of Homeland Security ("DHS") and the U.S. Department of Justice ("DOJ") have reversed decades of settled immigration practice and denied all immigration bond hearings. Specifically, DHS and DOJ are misclassifying people arrested inside the United States. These individuals are generally subject to the detention provisions of 8 U.S.C. § 1226, which typically allow for release on bond and under specific conditions during the pendency of immigration proceedings. This misclassification is contrary to settled law and practice, and it is unlawfully premised solely upon the manner in which the person initially entered the country - in this case, decades ago. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

3. Petitioner respectfully submits that his detention is unlawful for the following reasons: (1) DHS and DOJ are improperly applying the mandatory detention provisions of 8 U.S.C. § 1225(b) to individuals like Petitioner who were apprehended well inside the United States, even decades after entry, rather than applying 8 U.S.C. § 1226(a), which governs detention and release pending immigration proceedings; (2) this misclassification deprives Petitioner of his statutory right to a bond hearing before an Immigration Judge; (3) the government's policy represents an arbitrary and capricious departure from decades of settled law and practice without any rational basis, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2); and (4) Petitioner's prolonged detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment.

4. Absent an order from this Court granting habeas relief, Petitioner will remain indefinitely detained without a meaningful opportunity to secure release on bond, in violation of both statutory and constitutional protections.

5. Petitioner asks this Court to find that the Department of Homeland Security and Department of Justice are unlawfully detaining him under 8 U.S.C. § 1225(b), when the governing statute is 8 U.S.C. § 1226(a), and that such detention without a bond hearing violates his statutory and constitutional rights. Petitioner further asks this Court to order his immediate release or, in the alternative, to order the government to provide him with an individualized bond hearing before an Immigration Judge within seven (7) days of the Court's order.

## JURISDICTION

6. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the U.S. Constitution (Suspension Clause).

8. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

9. Venue is proper because Petitioner is presently detained by ICE at the Buffalo (Batavia) Federal Detention Center in Batavia, New York, which is within the jurisdiction of this District.

## PARTIES

10. Petitioner is a citizen and national of Ecuador. Petitioner is currently detained by ICE at the Buffalo (Batavia) Federal Processing Center in Batavia, New York, which is within the jurisdiction of this District. He is in custody and under the direct control of Respondents and their agents.

11. Respondent Andrew Oliveri is the Acting Assistant Field Office Director of the Buffalo (Batavia) Federal Processing Center, and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent Oliveri is a legal custodian of Petitioner.

12. Respondent George Hyde is sued in his official capacity as the Assistant Field Office Director at Buffalo (Batavia) Federal Processing Center. Respondent Hyde is a legal custodian of Petitioner and has the authority to release him.

13. Respondent Todd Lyons is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Respondent Lyons is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees the U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Lyons is a legal custodian of Petitioner.

14. Respondent Sirce Owen is the Acting Director of EOIR and has ultimate responsibility for overseeing the operation of the immigration courts and the Board of Immigration Appeals, including bond proceedings. Respondent Owen is a legal custodian of Petitioner.

15. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice ("DOJ"). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

16. Respondent Kristi Noem is the U.S. Secretary of Homeland Security and administers the Department of Homeland Security. In that capacity, she exercises ultimate authority over DHS, including U.S. Immigration and Customs Enforcement ("ICE"), which has responsibility for the detention and removal of noncitizens, and U.S. Citizenship and Immigration Services ("USCIS"), which adjudicates immigration benefits. Respondent Noem is also a legal custodian of Petitioner.

## REQUIREMENTS OF 28 U.S.C. § 2243

17. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

18. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## STATEMENT OF FACTS

19. Petitioner is a 39-year-old citizen of Ecuador. He has maintained consistent employment in the construction industry.

20. Petitioner entered the United States on or about June 16, 2021, near Nogales, Arizona, where Border Patrol encountered him. Petitioner was found to have a credible fear claim at the border. He was issued a Notice to Appear[1] and released on his own recognizance pending immigration proceedings. On January 27, 2023, an immigration judge granted Mr. Vera Andrade and his family's asylum case. DHS appealed the Judge's decision, and Petitioner's case was remanded to EOIR for further proceedings.

21. Before the asylum claim could be adjudicated on remand, Petitioner was detained by ICE in Lowell, Massachusetts, and subsequently moved to Batavia, New York. His case was severed from the rest of his family due to the Petitioner's detention by ICE.

22. Petitioner was scheduled for a bond hearing on October 31, 2025. At the outset of that hearing, however, the Immigration Judge declined jurisdiction, citing *Matter of Yajure Hurtado*[2], 29 I&N Dec. 985 (BIA 2025), thereby denying Petitioner the opportunity for an individualized bond determination.

## LEGAL FRAMEWORK

---

[1] The Petitioner has been placed in removal proceedings and charged with being removable pursuant to INA §§ 212(a)(6)(A)(i) that is, an alien present in the United States without having been admitted and 212 (a)(7)(A)(i)(I), that is, an alien present in the United States without having been admitted or paroled and an immigrant who, at the time of application for admission, is not in possession of a paroled and an immigrant who, at the time of application for admission, is not in possession of an unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document EOIR required by the Act.

[2] The new BIA precedent, *Matter of Yajure Hurtado*, 29 I. & N. Dec 216 (B.I.A. 2025), adopted the position that noncitizens present in the United States without admission are "seeking admission" for purposes of § 1225(b)(2), and are therefore subject to the mandatory detention procedures set forth in § 1225. Under the facts and circumstances present here, this court should not defer to the BIA decision. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) ("[C]ourts must exercise independent judgment in determining the meaning of statutory provisions," and they "may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

23. Petitioner is present in the United States and, on information and belief, the DHS has alleged or will allege that Petitioner was not previously admitted or paroled into the United States.

24. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), including because Petitioner does not meet the criteria for Expedited Removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

25. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Petitioner is not presently "seeking admission" to the United States. *See Aguiriano v. Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025).[3]

26. On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). Therefore, Petitioner could not "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioner is not subject to mandatory detention under § 1225 for this reason, as well.

---

[3] Petitioner was given apparent notice, based on his warrant and Notice to Appear, that he was being detained under § 1226, not § 1225. That, and the abrupt change in the government's longstanding detention policy under §§ 1225 and 1226, *see Carlos Augusto Chang Barrios, v. Craig Shepley, et al.*, No. 1:25-CV-00406-JAW, 2025 WL 2772579, at *9 (D. Me. Sept. 29, 2025) (discussing longstanding government policy of applying § 1226(a) to noncitizens without documentation already present in the United States), should give this Court pause. Courts considering factually similar cases have found that aliens without criminal convictions, who are already in the country, have been taken into custody under 8 U.S.C. § 1226, are specifically described in charging documents as "alien[s] present in the United States who ha[ve] not been admitted or paroled," and are in removal proceedings, are detained under 8 U.S.C. § 1226. *See, e.g., Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238 (D. Mass. July 24, 2025); *Jimenez v. FCI Berlin*, Warden, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025) (McCafferty, C.J.); *see also Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (gathering cases). The interpretive reasoning of these cases, given the lack of Supreme Court or Second Circuit authority on the basic question of whether aliens in the petitioner's position are held under § 1225 or § 1226, should lead this Court to believe, that with an individual hearing in Immigration Court, a bond hearing on the merits of Mr. Vera Andrade's request for release is the course of action most consistent with the requirements of due process.

27. Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Aguiriano*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

28. Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

29. Accordingly, Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

30. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Velasco Lopez v. Decker, 978 F.3d 842 (2d Cir. 2020)* (holding that the district court correctly granted the petition where petitioner was denied due process because he was incarcerated for fifteen months while the Government at no point justified his incarceration).; *Lett v. Decker, 346 F. Supp. 3d 379 (S.D.N.Y. 2018)* (petitioner sought a habeas corpus writ to challenge his prolonged detention without a bond hearing; the court ruled that [...] detention without an individualized bond hearing was an unconstitutional due process violation and ordered the government to provide him with one within seven days); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

31. Petitioner requests such a bond hearing.

32. However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision which purports to require the Immigration Court to unlawfully deny a bond hearing to all persons, such as Petitioner.[4]

33. The responsible administrative agency has therefore predetermined that Petitioner will be denied a bond hearing.

34. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing. *See Aguiriano*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)). Aguiriano's holding that no exhaustion is required where a detainee faces the ongoing loss of physical liberty fits squarely within Second Circuit doctrine recognizing that habeas exhaustion under 28 U.S.C. § 2241 is prudential, not jurisdictional, and may be excused where agency processes cannot timely prevent irreparable harm.

35. The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile. *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute). In *United States v. Gonzalez-Roque*, 301 F.3d 39 (2d Cir. 2002), the Second Circuit emphasized that the BIA lacks jurisdiction to decide constitutional questions, which advocates and district courts rely on to argue that exhausting BIA remedies is futile for pure due process challenges to detention or procedures.

---

[4] The BIA's reversal and newly revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024).

36. Accordingly, there is no requirement for Petitioner to further exhaust administrative remedies before pursuing this Petition.

## CLAIMS FOR RELIEF

## COUNT ONE

## Violation of Fifth Amendment Right to Due Process

37. Petitioner's prolonged detention without an individualized custody redetermination violates the Due Process Clause of the Fifth Amendment. The Second Circuit held in *Velasco Lopez v. Decker,* that individuals detained under 8 U.S.C. § 1226(c) are entitled to an automatic bond hearing after six months, with the government bearing the burden to justify continued detention by clear and convincing evidence of danger or flight risk. *Velasco Lopez v. Decker*, No. 19-2284 (2d Cir. 2020). *Velasco Lopez* is often cited as articulating "robust procedural safeguards" for immigration bond-type hearings, even though it arose under § 1226(c) rather than § 1226(a).

38. In a § 2241 habeas case challenging prolonged detention under § 1226(c), *Lora v. Shanahan,* the Second Circuit held that due process required a bond hearing at which the government bore the burden of proving by clear and convincing evidence that the petitioner was a danger or flight risk, and that the immigration judge must consider ability to pay and alternatives to detention. Although Lora was vacated as moot by Jennings V. Rodriguez, 804 F. 3d 1060, Lora established a rule that § 1226(c) detainees were entitled to a bond hearing after six months, with the government bearing the burden by clear and convincing evidence and the IJ required to consider alternatives and length of detention. Even though vacated, district courts in the Circuit still frequently cite Lora's reasoning when applying as-applied due process analysis to prolonged detention.

39. By denying Petitioner any bond hearing, Respondents have deprived him of liberty without due process of law.

40. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO

## Unlawful Detention Under the INA 8 U.S.C. §§ 1225, 1226 and Violation of the Administrative Procedure Act (5 U.S.C. § 706)

41. Petitioner's continued detention is not authorized by statute. Petitioner cannot be lawfully detained under 8 U.S.C. § 1225(b)(1) because he does not meet the statutory criteria for expedited removal, nor under § 1225(b)(2) because, as a person already present in the United States, he is not "seeking admission." Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c), as he has not been convicted of any removable crime. Instead, Petitioner is lawfully subject, if at all, only to detention under § 1226(a), which requires access to an individualized custody redetermination hearing. The refusal to provide such a hearing is ultra vires and unlawful.

42. The Department of Justice and Department of Homeland Security, through the *Matter of Yajure Hurtado*, 29 I&N Dec. 985 (BIA 2025), have arbitrarily and capriciously departed from decades of settled statutory practice by misclassifying persons like Petitioner under § 1225(b) rather than § 1226(a). This misclassification denies access to bond hearings without a reasoned explanation, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

43. For these reasons, Petitioner's detention violates 5 U.S.C. § 706.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;

2. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

3. Declare that Petitioner's detention under 8 U.S.C. § 1225(b) is unlawful and ultra vires, and that Petitioner is lawfully subject, if at all, only to detention under 8 U.S.C. § 1226(a);

4. Declare that Petitioner's continued detention without an individualized custody redetermination hearing violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution;

5. Enjoin Respondents from applying *Matter of Yajure Hurtado*, 29 I&N Dec. 985 (BIA 2025), to Petitioner or to other similarly situated individuals in this District, insofar as it deprives them of their statutory right to a bond hearing;

6. Order Respondents to provide Petitioner with an individualized custody redetermination (bond) hearing before an Immigration Judge within seven (7) days of this Court's order, with the procedural safeguards required by law, including the government's burden to justify detention by clear and convincing evidence;

7. Alternatively, Order Petitioner's immediate release from immigration custody under reasonable conditions of supervision; and

6. Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Todd C. Pomerleau*
Todd C. Pomerleau
MA BBO# 664974
Rubin Pomerleau PC
Two Center Plaza, Suite 520,
Boston, MA 02108
tcp@rubinpom.com


*/s/ Daniela Orenstein*
Daniela Orenstein, Esq.*
NY Bar No. 6254288
Kevin MacMurray
BBO# 558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

*Pro Hac Vice motion forthcoming*